```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
UNITED STATES OF AMERICA,

        -against-                              ORDER
                                       02-CR-0728(DRH)(ETB)
DEMETRIUS HILL a/k/a
DEMETRIUS CAPONE a/k/a
MEECHIE HILL,

        Defendant.
-----------------------------X
A P P E A R A N C E S:

For the Government:
    Roslynn R. Mauskopf
    United States Attorney
    Eastern District of New York
    Alfonse M. D'Amato Federal Courthouse
    Federal Plaza
    Central Islip, New York 11722
      By: Richard P. Donoghue, A.U.S.A.

For Defendant:
    Susan G. Kellman, Esq.
    25 8th Avenue
    Brooklyn, New York 11217
```

HURLEY, District Judge

Demetrius Hill ("Hill") was convicted of various crimes on February 16, 2005. To date, he remains unsentenced.

At defense counsel's request, arrangements were made to transfer defendant from USP Lewisberg to a nearby detention center to facilitate client/counsel meetings preparatory to sentence.

On October 17, 2005, the Court held a status conference following defendant's return to this jurisdiction. At that conference, a post-trial briefing schedule was established. Under that schedule, any defense motions were to be filed by December 1, 2005, with the government's response being due on December 5th, and any response by the movant being due by

December 14th. Also at the October 17, 2005 status conference, a sentencing date of January 27, 2006 was scheduled.

No defense motions were received by the December 1, 2005 date. Rather, defense counsel sent a letter to the Court dated December 18, 2005 asking the Court "to use [the] January 27, 2006 sentencing date for a status conference." (Def.'s Dec. 18, 2005 Letter at 1.) Counsel advised that at that time she would be in a better position to advise the Court "regarding the progress of my work with Mr. Hill." By letter endorsement dated December 19, 2005, that application was denied and both parties were directed "to be ready to proceed to sentence on January 27, 2006, as scheduled." (See Letter Endorsement of Dec. 19, 2005 to Defense Counsel's Letter of Dec. 13, 2005.)

Defense counsel by letter dated January 23, 2005 (sic; should read 2006), requested the Court to revisit its earlier ruling denying an adjournment of the sentencing date, proffering that:

> Up to and including this week, counsel has been involved in a civil trial which has consumed a great deal of counsel's time. Mr. Hill has asked counsel to explore a great many issues and I have been unable to . . . review [the] cases provided by Mr. Hill. In addition, Mr. Hill and I have not had an adequate opportunity to review the PreSentence Investigation Report. To the extent that I will be on trial on Tuesday, Wednesday and Thursday of this week, it will be impossible to complete the necessary work preparatory to Mr. Hill's sentence.
>
> Accordingly, I respectfully request that the Court grant counsel a modest adjournment of one month.

(Def.'s Jan. 23, 2006 Letter.)

Although the Court is underwhelmed by the nature and timing of the current request, circumstances — including the fact that defense counsel reports that she has not yet appropriately "review[ed] the PreSentence Investigation Report" with Hill, and will be on trial through Thursday of this week — essentially requires that the requested relief be granted. For that reason, it is. The government, defense counsel, and Hill shall be present on January 27, 2006 at 11:00 a.m. so the necessary steps may be taken to assure that the sentencing will occur on February 27, 2006 (beginning at 10:30 a.m.), i.e. the date requested by defense counsel.

SO ORDERED.

Dated: January 24, 2006
      Central Islip, New York

_____
DENIS R. HURLEY, U.S.D.J.